MR. JUSTICE LEE
dissenting.
I respectfully dissent.
As I view our venue rule, it would appear that once venue has attached to a case and motions, if any, for change of venue have been determined or have been waived, the court having jurisdiction of the principal action retains it for all ancillary or incidental proceedings in the case.
C.R.C.P. 98(f) appears only to authorize a change of the place of trial before trial and not after the trial has been had and determined. This is implicit in the provisions of Rule 98(d), relating to the time of filing of the motion for change of venue. Here, the trial of the divorce action and incidental matters was had, without objection, in the Gunnison County district court.
This view is consistent with the general rule that when the determination of a matter is incident to a principal action, the court having jurisdiction of the principal action may determine the ancillary or incidental proceedings, notwithstanding the venue of the action as to such other matter would under other circumstances be proper in another county. Cf. West View Corp. v. Thunderbolt Yacht Basin, Inc., 208 Ga. 93; 65 S.E.2d 167, 25 A.L.R.2d 878; Cooley v. Ensign-Bickford Co., Iowa, 209 N.W.2d 100; White v. Harbeson, 169 Ky. 224, 183 S.W. 475, L.R.A. 1916D 1129; McCall v. Bowen, 91 Neb. 241, 135 N.W. 1014, 40 L.R.A. (NS) 781; Ruchverg v. Russell, 71 N.D. 658, 3 N.W.2d 459, 139 A.L.R. 1474. See also 92 C.J.S. Venue § 61; 56 Am. Jur. Venue § 25; annot. 100 A.L.R.2d 693.
Moreover, the divorce statute, C.R.S. 1963, 46-1-5, provides that the court which has jurisdiction over the cause, whether before or after the issuance of the divorce decree, may make such orders as the circumstances may warrant for the custody, care and support of the minor children. Subsection 46-1-5(2) further provides that the court shall retain jurisdiction for the purposes of revision of its orders as changing circumstances may warrant. This would seem to *321 indicate a legislative intent that the court trying the initial action should retain jurisdiction for all ancillary or incidental proceedings.
Retention of jurisdiction for these purposes tends to promote a more informed resolution of the troublesome problems connected with domestic relations cases where the history of the marriage, in particular, the relationship between the children and the parents, the earning ability of the respective parents, and their general economic status, are such fundamental considerations of the court in formulating orders relating to child custody, care and support. These are compelling reasons for the court which initially tried the case and has the benefit of these underlying considerations to retain jurisdiction for modification of any of its previous orders on alleged changes of circumstances.
I would affirm the ruling of the Court denying the motion for change of venue.